UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LA-MART DARNELL McCRAY,

      Petitioner,

v.

WILLIS CHAPMAN,

      Respondent.
                              /

Case No. 2:19-cv-13693

HONORABLE STEPHEN J. MURPHY, III

# OPINION AND ORDER
# DISMISSING THE HABEAS CORPUS PETITION [1],
# DENYING A CERTIFICATE OF APPEALABILITY, AND
# DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

Petitioner La-Mart Darnell McCray, a state prisoner at the Macomb Correctional Facility in New Haven, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges a Macomb County Circuit Court's order denying McCray's motion to modify the terms of restitution in his state criminal case. ECF 1. Because the Court lacks subject matter jurisdiction over this claim, the Court will dismiss the petition.

## BACKGROUND

McCray pleaded guilty, but was determined to be mentally ill, to one count of carjacking, in violation of Mich. Comp. Laws § 750.529a, and one count of possession of a firearm during the commission of a felony, in violation of Mich. Comp. Laws § 750.227b. ECF 1, PgID 1, 20, 33. On September 20, 2017, Macomb County Circuit Judge Edward A. Servitto, Jr., sentenced McCray to eight to thirty years in prison on

1

the carjacking count and to a consecutive term of two years on the felony-firearm count, with credit for 698 days on the felony-firearm sentence. *Id*. at 33–34. Judge Servitto also assessed fees, costs, and $2,058.58 in restitution. *Id*. at 34.

McCray apparently was required to begin making restitution payments immediately after he was sentenced. He filed a pro se motion to modify the restitution order. The motion sought to delay the restitution payments until McCray was released on parole or able to make payments without impairing his ability to purchase hygienic supplies and over-the-counter medicines. *Id*. at 21. Judge Servitto denied McCray's motion without an explanation or reason for his decision. *Id*. at 31.

McCray appealed, and the Michigan Court of Appeals denied the application for lack of merit. *See People v. McCray*, No. 342927 (Mich. Ct. App. June 11, 2018); ECF 1, PgID 29. On March 20, 2019, the Michigan Supreme Court denied leave to appeal. *See People v. McCray*, 503 Mich. 983 (2019) (table).

On December 16, 2019, McCray filed his habeas corpus petition. ECF 1. His sole ground for relief is that Judge Servitto abused his discretion by denying McCray's motion to modify the terms of restitution. *Id*. at 5. McCray contends that the order requiring him to make immediate restitution payments does not allow him to accumulate enough money in his inmate account to purchase over-the-counter medicines and basic grooming supplies or to consult medical professionals for routine health care. *Id*. at 21. He asserts that depriving him of hygienic supplies and health care items is a health risk and violates his rights under the Michigan and United States Constitutions. *Id*. at 17, 21–23.

2

McCray requests that the Court rule that the state-court order on his claim violate his constitutional right to be free from cruel and/or unusual punishment. In the alternative, he seeks a remand to the state court for a full hearing on the merits of his claim. *Id.* at 24.

## LEGAL STANDARD

The Court may not grant habeas relief to a state prisoner unless his claims were adjudicated on the merits and the state-court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

The state court unreasonably applies Supreme Court precedent not when its application of precedent is merely "incorrect or erroneous" but when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

3

A state court need not cite to or be aware of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by "lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003) and *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

## DISCUSSION

I. <u>Habeas Claim</u>

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to promptly examine habeas petitions and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." McCray's contention that the state trial court abused its discretion under state law and violated the Michigan Constitution is not a valid basis for granting a habeas corpus petition because "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (stating that "federal habeas corpus relief does not lie for errors of state law").

McCray also contends that the restitution order in his criminal case is cruel and unusual punishment under the Eighth Amendment to the United Constitution. While it is true that the Eighth Amendment prohibits the imposition of "cruel and

4

unusual punishments," U.S. Const. Amend. VIII, a habeas petitioner is entitled to relief only if "he is *in custody in violation of the Constitution* or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The traditional purpose of a habeas corpus petition is to challenge the fact or length of custody and to obtain release from unlawful imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973).

Fines and restitution orders generally "fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." *Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013). Even if Petitioner is also subject to custodial penalties at the time, "collateral relief from a noncustodial punishment, such as a fine or restitution order," is not readily available to him in a habeas corpus action. *Id.* (quoting Brian R. Means, *Federal Habeas Manual* § 1:21 (2012 ed.)). "A fee-repayment order falls outside of even the margins of habeas, because it is not a serious restraint on . . . liberty as to warrant habeas relief." *Id.* (internal quotations and citations omitted). The Court therefore must dismiss McCray's petition for lack of subject matter jurisdiction.

II. <u>Certificate of Appealability and Pauper Status on Appeal</u>

Before a petitioner may appeal a district court order, the Court must issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate the denial, the applicant is required to show that reasonable jurists could debate

whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and citation omitted). When a district court rejects a habeas petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong." *Id.* "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claims, a [certificate of appealability] should issue." *Id.*

Here, the Court's analysis of McCray's claim was "rather straightforward," and no reasonable jurist would argue that a court has jurisdiction over the claim in his petition. The Court will therefore deny McCray a certificate of appealability. *See Davis v. Rapelje*, 33 F. Supp. 3d 849, 865 (E.D. Mich. 2014). The Court will also deny McCray leave to appeal in forma pauperis as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**SO ORDERED**.

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: January 31, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2020, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager